Burke, J.
The claimant entered into a contract with the State by which it undertook the construction of the superstructure and part of the substructure of a precast, prestressed continuous concrete girder bridge consisting of three spans across the Oneida River at Brewerton in Onondaga County. Subsequent to the completion and acceptance of the contract work, claimant filed a claim against the State which included four causes of action.
In its first cause of action, claimant sought to recover the conceded contract balance, with interest on the amount of that balance from the date of the acceptance of the work by the State. Claimant contends that interest was properly awarded by the Court of Claims and that the decision of this court in Higgins & Sons v. State of New York (20 N Y 2d 425), decided after the decision of the Appellate Division in this case, indicates that the award of interest on the undisputed contract balance should not have been reversed. The work was accepted by the State on October 20, 1961, but the claimant did not present the affidavits required as conditions precedent to payment until October 24, 1962. The State tendered final payment of that amount on November 2,1962, nine days after the affidavits were submitted by the claimant. The claimant refused that tender because of a contract provision to the effect that acceptance of final payment would constitute a waiver of all additional claims *172 and, instead, filed a claim against the State for the contract balance and for the items which are the subjects of the remaining causes of action. The cause of action for the contract balance was severed and a judgment was entered and paid in full for the amount of that balance on March 20, 1963. At that time, the question of interest on that amount was reserved until the determination of the remaining claims. The contract was subject to standard specifications, one of which provided that a refusal of tender of final payment constituted a waiver of any claim to interest. It is the effect of this specification on claimant’s present claim for interest which must now be determined. Initially, it seems clear that claimant is not entitled to interest on the amount of the conceded contract balance for the period between the State’s acceptance of the work (October 21, 1961) and the claimant’s submission of the affidavits which were conditions precedent to payment (October 24, 1962), nor does claimant have any right to interest for the period between the submission of those affidavits and the State’s tender of final payment nine days later on November 2, 1962, since that nine-day period was clearly a reasonable time for the State to take in processing the final payment (Merritt, Chapman S Scott Corp. v. State of New York, 25 A D 2d 455). This leaves for consideration only the period between the tender of final payment on November 2, 1962 and the entry and payment in full of the judgment entered on the severed cause of action for the conceded contract balance on March 20, 1963. In Wood v. State of New York (12 N Y 2d 25), we held that the refusal of tender of final payment constituted a waiver by the claimant of any claim to interest on that amount, as provided for by a specification identical to the one presently before us. However, in Higgins & Sons v. State of New York (20 N Y 2d 425, supra), we held that the State could waive the “ no-interest ” provision of the specifications by stipulating at the time of the severance of the cause of action for the conceded contract balance that the question of interest be reserved until such time as the remaining portions of the claim were decided. We there said it was “ not * * * unreasonable to interpret this stipulation as a waiver of the contract provision on the part of the State, with the question of interest on the severed claim hinging upon the validity of the additional claims asserted by claimant ” (supra, p. *173 429; emphasis added). That holding merely recognized that the claimant, otherwise, by accepting the tender of final payment, waived all additional claims and was thus faced with an essentially unfair choice. In the present case, the question of interest was reserved until the determination of the claimant’s additional claims and claimant was successful in recovering judgment on his third cause of action, the judgment was affirmed by the Appellate Division and the State has not appealed to this court from that judgment. In this situation, our holding in Higgins is controlling rather than the holding in Wood (Johnson, Drake & Piper v. State of New York, 29 A D 2d 793). Accordingly, the order of the Appellate Division should be modified to allow interest on the severed amount from the date of tender of final payment to the date on which the severed judgment was paid by the State.
In its second cause of action, claimant sought to recover the increased cost of fabricating the bridge’s cantilever girders in a vertical position, the one approved by the State, rather than in the less expensive horizontal position, the one claimant desired to use. Claimant contends that the State committed a breach of contract by refusing to approve the claimant’s proposal to use horizontal fabrication and that, therefore, claimant is entitled to recover the increased costs involved in using the vertical method. In support of its contention, claimant relies principally on a single paragraph of the design specifications, leaving the method of forming the girders in the claimant’s discretion, as indicating that the entire method of fabrication (including forming) was to be in the claimant’s discretion. The Court of Claims, however, from an examination of the specifications as a whole found that the contract and specifications contemplated vertical casting. The Appellate Division affirmed on the ground that the proof amply supported the findings and conclusions of the Court of Claims. Without extended discussion of the intricacies of the specifications and drawings, the record does indeed amply indicate that the contract, taken as a whole, called for vertical casting and that the State’s refusal to approve the horizontal method, therefore, did not constitute a breach of contract by the State. Illustrative are those portions of the specifications which showed that the “ soffit ”, or under side, of the girders was to be on the bottom when the girder *174 was in a vertical position, that the “ screed ”, or the surface of the concrete exposed to the free air during fabrication, was to be on top of the girder, thereby necessarily indicating that vertical fabrication was called for and, finally, that1 ‘ windows ’ ’ were to be used through which to pour the concrete and it is conceded that such ‘1 windows ’ ’ were unnecessary when horizontal fabrication is the method used. Taken together, these separate requirements of the specifications which all necessarily point to vertical fabrication indicate that the courts below were correct in their conclusion that the State did not breach its contract with the claimant as to this issue and the dismissal of the second cause of action should, therefore, be affirmed.
Claimant’s fourth cause of action sought recovery for two items of alleged “ extra ” work not called for by the contract. The State, however, contends that the items were provided for by the original contract and by a supplemental agreement entered into between the claimant and the State. As to the first item of asserted extra work, the preparation of the concrete deck prior to the application of the waterproofing substance, the original specifications called for such preparation and the mere fact that the supplemental agreement referred to such preparation as work to be done under the agreement cannot alter the fact that such work was already required to be done by the terms of the original contract specifications and was, therefore, not ‘ ‘ extra ’ ’ work. The second item of alleged extra work involved the surface area required by the contract specifications to be covered with the waterproofing substance. The Court of Claims found that claimant covered only the area called for by the contract and was paid in full therefor and the Appellate Division affirmed. Suffice it to say that there is ample evidence to support that determination. Accordingly, the dismissal of the fourth cause of action was properly affirmed by the Appellate Division.
The order of the Appellate Division is modified to the extent that the claim for interest is allowed to the extent limited above and is otherwise affirmed.
Chief Judge Fuld and Judges Scileppi, Beegan, Keating. Beeitel and Jasen concur.
Order modified, with costs, in accordance with the opinion herein, and, as so modified, affirmed.